Good morning, Your Honors. May it please the Court, Lori Walsh, appearing for Petitioner Tom Lee. I'd like to reserve two minutes for rebuttal. The key issue in the case is whether Mr. Lee's possession with intent to deliver is an aggravated felony under the second prong of 8 U.S.C. 1101A.43b, the hypothetical felony rule, disqualifying him from cancellation of removal. The government does not dispute, nor could it reasonably dispute, that the interpretation provided by the Court during Mr. Lee's merits hearing was error-ridden and prejudiced him. The interpreter was later fired for incompetence. The government does not dispute that there is a commercial element missing under the first prong of the generic defense, illicit trafficking. I'd like to quickly make four points. First, under Nijhawan, this Court should not proceed to the modified categorical approach. There is a missing element in the statute of conviction with respect to both prongs of the federal offense, the illicit trafficking prong and the hypothetical federal felony. Second, the unpublished BIA decision in this case is not entitled to Chevron deference. It is instead entitled to Skidmore deference proportional to its power to persuade. The BIA decision here lacks persuasive power. It simply asserts the quantity of marijuana, which is not an element of the criminal offense, without discussing its rationale or authority for relying on the amount possessed. Now, did the State Court, in the State Court, was he convicted of a particular amount of marijuana? No, Your Honor. Where does that number come from? I'm sorry, Your Honor. No, that is not an element of the State offense. In fact, a small amount of marijuana is sufficient for a conviction under the State offense. The amount comes from the certification for determination of probable cause, which this Court has held in Suazo-Perez, is brought into the record of conviction through the use of the check box on the statement on plea of guilty. Third, the Court should overturn the aspect of Suazo-Perez that checking the box on the Washington State statement on plea of guilty incorporates the document into the plea for The plain language of the check box states that the certification for determination of probable cause may be reviewed only for the purpose of establishing a factual basis to the State offense, possession with intent to deliver. In this case, the amount possessed was never litigated in the criminal context. Mr. Lee explicitly did not admit the facts in the CDPC. Incorporating the allegations in the CDPC as fact presents a serious due process issue. Fourth, even if the Court does not revisit Suazo-Perez, the Court should find the CDPC insufficient to sustain the BIA's holding that Mr. Lee's conviction is an aggravated felony. The IJ so found. The IJ noted that the petitioner checked the box allowing the Court to review the CDPC, that's at AR 126, but held that the amount was not part of the record of conviction, that's AR at 295. In Suazo-Perez, the Court similarly incorporated documents into the record of conviction but found that they were insufficient to prove the elements of the federal offense. This Court should find the CDPC insufficient to prove the aggravated felony. Counsel, can I ask you another question? Sure. Even if we were to, okay, suppose we were to find that it's, um, that the ROC cannot supply a missing element of the offense, um, under, was it Nishin, Zahn, and Agler, Dursias, are we then precluded from looking at, um, other things in the record to see whether there was a commercial amount? Do you mean whether the Court should proceed to the modified categorical? Right. Are we absolutely precluded from that if we follow Nishin? Um, I, I, our position is that the, the, the statute of conviction is not a categorical match with the federal felony offense because under the first prong, um, the, um, commercial element is missing, the illicit trafficking prong, and then under the second prong, um, there is a small amount exception. All right. Um, as I understand this record, though, the IJ also found that even if it were to, um, proceed to the discretionary aspect, he would not find Mr. Lee eligible based on other factors. How do you challenge that? Um, we fully briefed that both at the, at the BIA and at the Ninth Circuit. The, the interpretation was so bad. It's all based, your challenge there is all based on the transcript, the interpretation. Yes. The interpretation was bad enough that there was a, a due process error. So on, on that, your contention is premised on there being a due process error? As far as the interpretation goes, yes, Your Honor. Okay. We are not, uh, attempting to collaterally attack Mr. Lee's state conviction, but rather our arguments, um, based on a due process issue that's supported by Padilla v. Kentucky that stems from the language of the checkbox in Mr. Lee's statement on plea of guilty. We can't know beyond the minimum conduct what facts were taken from the state court to establish the basis of his plea. Given the plain, explicit language of the checkbox, there was no way for him to know that his plea would be used to establish the factual basis of an entirely different offense, here an aggravated felony under the INA. The, the limiting language of the checkbox should be read to say what it means. I also like to point out that in the, that there are protections under the state law, um, for a defendant that, that are not true in, in an immigration, um, context. The, um, the state has a, the so-called real facts doctrine, which, which limits the facts the court may rely on at sentencing to the factual basis necessary for the court to accept the defendant's guilty plea. So in, in State v. Young, this is, uh, 754 Pacific 2nd, 147, the appeals court reversed and remanded the defendant's sentence because the court improperly relied on information that was neither admitted, acknowledged, nor proven. And that's exactly what is happening in this case, where he's agreed that the, the CDPC can be looked at for the specific explicit purpose of establishing the basis for his plea possession with intent to live, to deliver. And, and now the documents being, is being used to establish the basis of a, of a different plea. Does that give rise to an ineffective assistance of counsel claim on habeas against his, I don't know if we've held, I don't know if Padilla is retroactive or not. I think that, I'm sorry, are you asking whether or not. Because Padilla was an ineffective assistance of counsel case. Right. And your, I think your argument's predicated on Padilla, right? Yeah. I think though Padilla, um, in the dissent actually in Padilla, um, Justice Scalia talks about that, that really what the claim is, is, is a due process issue that it's a surprise mandatory deportation result. And I think without collaterally attacking the, the criminal conviction, you have, you know, functionally the same situation where the actual language of the checkbox is like an, you know, affirmative misadvice. So we're not, you know, we can't at this point attack the, the criminal conviction collaterally, but I think the effect's the same. All right. You want to save the rest of your time? I do. Thanks very much. May it please the Court. My name is Luis Perez. I am here on behalf of Attorney General Holder. Your Honors, first a couple of points. We disagree with the characterization in the reply brief that we are conceding that there was an inappropriate translation or interpretation. The Board of Immigration Appeals explicitly declined to address that issue. So that issue is not properly before the Court. If the Court were to find that Mr. Lee is not an aggravated felon for purposes of cancellation or removal, the proper course would be to remain in that sense. We also disagree with the characterization that we admit that there's no commercial dealing. We argued in our brief why we believe that there's also commercial dealing and why we believe it is also a crime of illicit profit. I'm sorry. I'm sorry. But that's based on your reliance of something not even remotely in connection with the state conviction. You're basing that argument on a statement that he made, Mr. Lee made, to an emission to 50 pounds. 50 pounds comes from his interview with the Asylum Officer. 50 pounds comes from the CDPC, Your Honor, which we contend that it is a tailored document pursuant to Suazo-Perez and Parilla. So let's focus on that for a minute. So you're saying it's in the CDPC? It's in the CDPC, yeah. Okay. And you're saying that there's a commercial intent, commercial illicit distribution element in the federal statute? What we're saying is not the 50 pounds per se, because the 50 pounds go to whether or not this was a drug felony under the CSA. What we contend that goes to illicit trafficking is the statement in the CDPC that says that he wanted to deal. And when asked what, he said the stuff. Then, you know, the stuff happened to be marijuana. And then he expressed an intent that he expected to receive between $1,000 and $1,500. So the amount really goes to whether or not this is a felony under the CSA. His intent to sell or deal, he used the word deal. Right. He may have used that word, but really he was convicted of delivery. Well, he was convicted of delivery. Now, sale of marijuana is an element of possession with intent to deliver marijuana for the reasons stated in the case of McGinney, which is cited in our brief. You know what really troubles me in this case? By picking out statements in the CPD and relying on checkboxes and all that. In question number 11 on his guilty plea, he actually states his factual basis in his own words. He says, the judge has asked me to state what I did in my own words that makes me guilty of this crime. This is my statement. While I maintain my innocence, I understand that there's a substantial chance that I may be found guilty at the time of trial. I have formed this belief after complete review of the report and discussions with my counsel. In light of this, I would like to take advantage of the offer made by the probation officer. And then we have the little checks, boxes, and then, and this is not in his own hand. This is like just a form that I agree that the court may review the police reports of probable cause. I guess it doesn't give me a lot of confidence that he was pleading guilty to a controlled substance offense. I understand that. That was one of the issues that I did a lot of research on because when I was assigned the case, that was one of the issues that personally gave me concern. And I look at the People v. West, which is a California case, but more importantly to US v. Vidal, which is an in-bank decision from this court, to see how does this fall in this case. And also I saw Parilla, which is the first case that the court issued with respect to the CDPC. And this is what my research came up with. In Parilla, the court said that the CDPC may be considered if specifically incorporated into the guilty plea or admitted by the defendant. Here we don't have an admission by the defendant, but we do have the specific incorporation. Now in US v. Vidal, we had a People v. West plea, which is basically I don't admit to anything. Now what was missing in Vidal was the fact that there was nothing in addition. I'm citing to, I'm discussing Vidal at page 1089 of the decision in Vidal. It says, a West plea without more does not establish the requisite factual predicate to support a sentence of enhancement. Here we have more. Here we have the explicit incorporation of the CDPC. We don't have an admission, but we have consent by Mr. Lee to incorporate the facts in the CDPC, okay, to determine what was the factual basis for the offense. Now because we have an assent, the plea is that the CDPC was incorporated and can be relied for purposes of the modified categorical approach. Now just the fact that we can go ahead with the modified categorical approach doesn't necessarily mean that the factual basis establishes the generic offense. And I did research as to that. Now the government needs to establish that the CDPC provides the factual predicate of a trafficking offense or a drug felony under the CSA. Now there was only one factual predicate in this case, okay, and I'm relying on pages 274 and 75 of the administrative record. Now the only facts that we have here is that Mr. Lee was convicted of possessing marijuana. Now the amount goes to whether or not it falls under the exception of the drug felony offense. Possession or delivery. Possession with intent to deliver or manufacture. But I'm looking just at the facts on the CDPC because those are the facts that establish a factual basis. He said, and I'm looking at page 274 of the administrative record, Lee told S.A. Grouton that he wanted to deal. When asked what he wanted to deal, the stuff. How much? Lee stated 49. I'm assuming that refers to pounds. On page 275, Lee, S.A. Grouton then told Gree to get the stuff and to hurry up because they needed to get going. S.L. Grouton then asked Lee how much he's paying for pounds. Now is this Lee's recitation of events? This is S.L. Grouton, the C.I.? This is a government officer who prepares that. So this is basically hearsay, Your Honor. This is the source. He's the confidential informant who was dealing. Correct. I believe that he was a special agent who was sort of an undercover agent. And he reported all these facts to the police officer. Correct. So we have that L.E. told S.A. Breckenridge, who is another special agent, that he knew drugs were in his hockey bag and he told S.A. Breckenridge that he would get $1,000 or $1,500 for it. So, I mean, what we have here are, number one, a factual basis. That's the only factual basis for finding him convicted of possession with intent to deliver or manufacture marijuana. Now, that factual basis establishes the generic elements of both a drug felony under the C.S.A., because it doesn't fall within the exception of a small amount, and it also establishes commercial dealing, because we're talking about a sale, which is a generic element of the offense according to the case of McGinney. You can only be prosecuted for sale of marijuana under this statute, for the reasons stated in McGinney and in our brief. Now, I only have 53 seconds left. I want to say a few things about Parilla. Parilla is a criminal case that doesn't assist Mr. Lee in this case. It's an ineffective assistance of counsel case. First, in this case, we have explicit warnings about the immigration consequences of the case, and it presents the worst possible scenario in the plea. It says you can be removed. Well, here we're not talking about removal. Removal is not an issue in this case. The issue is eligibility for cancellation of removal, which is an even lesser burden for the government. I mean, the burden is on Mr. Lee to establish his eligibility. Now, the other issue is that... I'm sorry. My time is up. Okay. What's your other issue? The other issue is that to benefit from Parilla, delaying the Supreme Court decision may prevent any criminal defendants that already have a final conviction to benefit from Parilla. That was my final point. Okay. Thank you very much, counsel. Thank you very much, Your Honor. Your Honor, I'd just like to point out that Mr. Lee was not prosecuted for sale. He was prosecuted for delivery. The amount was not litigated in the underlying case. He did not... He incorporated the CDPC for a limited purpose based on that explicit language of the checkbox. We don't know what facts were pulled from that document to establish his guilt. Parilla, the defendant, in contrast, admitted guilt. I'd also like to point out that Shepard states that the only certainty in a generic finding in a pleaded case comes from the defendant's own admissions or accepted findings of fact confirming the factual basis for a valid plea. The Shepard Court defines accepted findings of fact as any explicit factual finding by the trial to which the defendant assented, and we absolutely don't have that in this case. I feel like it's a due process issue here, that the language of the checkbox says one thing and the government's trying to make it say another. Thank you. Thank you, counsel. Both counsel, thank you for an excellent argument. Lee v. Holder is submitted.
judges: Hall, Wardlaw, Gould